1  DAVID A. STEINBERG (SBN 130593)
     das@msk.com
2  MARC E. MAYER (SBN 190969)
     mem@msk.com
3  BRADLEY J. MULLINS (SBN 274219)
     bym@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, BAD BOY RECORDS LLC, BIG BEAT RECORDS INC., ELEKTRA ENTERTAINMENT GROUP INC., RHINO ENTERTAINMENT LLC, WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., UNICHAPPELL MUSIC INC., W CHAPPELL MUSIC CORP., W.C.M. MUSIC CORP., WARNER CHAPPELL MUSIC, INC., and WARNER-TAMERLANE PUBLISHING CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ICONIC LONDON (HOLDINGS) LIMITED and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 2:22-cv-8602 -MWF-JPR <br><br> **REQUEST FOR SERVICE OF PROCESS BY CLERK OF COURT PURSUANT TO L.R. 4-5, FED. R. CIV. P. 4(f) AND 4(h)** |

Mitchell
Silberberg &
Knupp LLP

**MOTION FOR SERVICE OF PROCESS**

Plaintiffs Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Rhino Entertainment LLC, Warner Music International Services Limited, Warner Records Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner Chappell Music, Inc., and Warner-Tamerlane Publishing Corp. (collectively, "Plaintiffs"), by and through their undersigned attorneys in this action, respectfully request that the Clerk of Court effect service on the defendant Iconic London (Holdings) Limited ("Iconic"), pursuant to L.R. 4-5, Fed. R. Civ. P. 4(f) and 4(h), and state as follows:

1. On November 25, 2022, Plaintiffs initiated this lawsuit by filing their Complaint against the Iconic and Does 1 through 10 (together, with Iconic, "Defendants").

2. Iconic is a United Kingdom corporation with its principal place of business in London, England.

3. Fed. R. Civ. P. 4(h) permits a foreign corporation to be served "in any manner prescribed by Rule 4(f)[.]"

4. Affirmative authorization for service by international mail is found in Fed. R. Civ. P. 4(f)(2)(C)(ii), which allows service abroad by mail for which a signed receipt is required, when such mail is addressed and mailed by the clerk of the federal district court in which the suit is filed. It provides, in pertinent part:

> (f) [S]ervice ... may be effected in a place not within any judicial district of the United States:
>
> * * *
>
> (2) if there is no internationally agreed means of service ***or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice***:
>
> * * *
>
> (C) ***unless prohibited by the law of the country***, by

\* \* \*

(ii) ***any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served*** [.]

(Emphasis added).

5. Both the United States and the United Kingdom are signatories to, and thus member countries of, the Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention," or the "Convention").

6. The Hague Convention provides that the Convention "shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention, Article 10(a). This Circuit has held that the meaning of "send" in Article 10(a) includes, "serve," such that service of judicial documents may be effected between member countries by postal channels. *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004). *See* Declaration of Marc E. Mayer ("Mayer Decl."), Exh. 1.

7. The Hague Convention's website indicates that an acceptable "[m]ethod of service" in the United Kingdom is "[p]ersonal service on individuals and postal service on registered offices of companies. If this fails by first class post." *See* Mayer Decl., Exh. 2.

8. Therefore, Iconic may be served via "mail that the clerk addresses and sends to [the Defendant] and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii).

9. Accordingly, Plaintiffs respectfully request the Clerk of Court to effect service by mailing a copy of the Summons and Complaint to Iconic, certified mail return receipt requested.

10. Upon information and belief, Iconic's mailing address is:

Iconic London (Holdings) Limited
3rd Floor

|    |                                                                                              |
|----|----------------------------------------------------------------------------------------------|
| 1  | 21-22 New Row                                                                                |
| 2  | London                                                                                       |
| 3  | WC2N 4LE                                                                                     |

*See* Summons (ECF No. 9).  As such, Plaintiffs respectfully request that the Clerk of Court mail a copy of the Summons and Complaint, certified mail return receipt requested, to Iconic at that address.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Effect service by mailing a copy of the Summons and Complaint, certified mail return receipt requested, to Iconic, at the address specified above in paragraph 10; and

B. Grant Plaintiffs such other and further relief as the Court deems just and appropriate.

Dated:  December 14, 2022

DAVID A. STEINBERG
MARC E. MAYER
BRADLEY J. MULLINS
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
   Marc E. Mayer (SBN 190969)
   Attorneys for Plaintiffs