UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-8602-MWF (JPR) | **Date:** December 16, 2022 |
| **Title:** Atlantic Recording Corp. et al v. Iconic Holdings Ltd. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING REQUEST FOR SERVICE OF PROCESS BY CLERK OF COURT [10]

Before the Court is Plaintiffs Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Rhino Entertainment LLC, Warner Music International Services Limited, Warner Records Inc., Unichappell Music Inc., W Chappell Music Corp., Warner Chappell Music, Inc., and Warner-Tamerlane Publishing Corp.'s Request for Service of Process by Clerk of Court Pursuant to L.R. 4-5, Fed. R. Civ. P. 4(f) and 4(h) (the "Request") filed on December 14, 2022.

The Request is **GRANTED**.

On November 25, 2022, Plaintiffs initiated this copyright infringement lawsuit by filing their Complaint against Defendants Iconic London (Holdings) Limited and Does 1 through 10. (Complaint ¶¶ 1–6 (Docket No. 1)). Iconic is a United Kingdom corporation with its principal place of business in London, England. (*Id.* ¶ 25). A summons issued for the Complaint on November 28, 2022. (Docket No. 9).

Plaintiffs request that the Clerk of Court serve their Complaint and Summons on Defendant at its address in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii). (Request ¶ 4).

Of the methods Rule 4(f) permits for service of the summons and complaint on a defendant located abroad, the Rule "does not denote any hierarchy or preference of one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-8602-MWF (JPR)                              Date:  December 16, 2022
Title:      Atlantic Recording Corp. et al v. Iconic Holdings Ltd.

method of service over another." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Therefore, a plaintiff may use any method, as appropriate, to effectuate service on a defendant located abroad.  The Court concludes that it is proper to grant Plaintiffs' Request for service of the Complaint and Summons on Defendant pursuant to Rule 4(f)(2)(C)(ii).

Pursuant to Rule 4(f)(2)(C)(ii), "if there is no intentionally agreed means, or if an international agreement allows but does not specify other means" an individual may be served "by a method that is reasonably calculated to give notice: . . . unless prohibited by the foreign country's laws, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."  Fed. R. Civ. P. 4(f)(2)(C)(ii).  There is a relevant international agreement governing service on defendants in the United Kingdom because the United Kingdom is a signatory to the Hague Convention.  Article 10(a) of the Hague Convention permits service of process by mail "so long as the receiving country does not object." *Brockmeyer v. May*, 383 383 F.3d 798, 803 (9th Cir. 2004).  The United Kingdom has not objected to Article 10(a) and thus service may be effectuated on a defendant in the United Kingdom by mail. *Id.*; *Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009).  Because "[e]xplicit, affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii)," a plaintiff generally must rely on this Rule to serve a defendant located in the United Kingdom by mail. *Brockmeyer*, 383 F.3d at 804–05.  Accordingly, this Rule is a proper basis for serving Defendant.

Embedded in Rule 4(f)(2) is the additional requirement that the method of service used "is reasonably calculated to give notice[.]"  Fed. R. Civ. P. 4(f)(2).  This means that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Rio Properties, Inc.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (Jackson, J.)).  Plaintiffs have provided Defendant's address which combined with the Rule 4(f)(2)(C)(ii) requirement of signed receipt suggests that service by mail is reasonably calculated to give notice to Defendant.

---

**CIVIL MINUTES—GENERAL**                                                                                2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-8602-MWF (JPR)          **Date:** December 16, 2022

**Title:**     Atlantic Recording Corp. et al v. Iconic Holdings Ltd.

       Accordingly, the Court **GRANTS** Plaintiffs' Request for service of the Complaint and Summons on Defendant at its address in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii).

       At Plaintiffs' expense, the Clerk shall serve Defendant by sending via United States Postal Service international express mail, return receipt requested, one copy of the Complaint and the Summons.

       Plaintiffs are **ORDERED** to ensure that the Clerk has the requisite pre-paid and pre-addressed international express mail envelope to carry out this Order.

       IT IS SO ORDERED.