DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, BAD BOY RECORDS LLC, BIG BEAT RECORDS INC., ELEKTRA ENTERTAINMENT GROUP INC., RHINO ENTERTAINMENT LLC, WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., UNICHAPPELL MUSIC INC., W CHAPPELL MUSIC CORP., W.C.M. MUSIC CORP., WARNER CHAPPELL MUSIC, INC., and WARNER-TAMERLANE PUBLISHING CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ICONIC LONDON (HOLDINGS) LIMITED and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 2:22-cv-8602-MWF-JPR <br><br> Assigned to Hon. Michael W. Fitzgerald <br><br> **PLAINTIFFS' NOTICE OF *EX PARTE* AND *EX PARTE* APPLICATION REQUESTING ENTRY OF DEFAULT AGAINST DEFENDANT ICONIC LONDON (HOLDINGS) LIMITED** <br><br> [*Declaration of Marc E. Mayer and [Proposed] Order filed concurrently herewith*] <br><br> Complaint Filed: Nov. 25, 2022 |

## NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1, Plaintiffs Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Rhino Entertainment LLC, Warner Music International Services Limited, Warner Records Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner Chappell Music, Inc., and Warner-Tamerlane Publishing Corp. (collectively, "Plaintiffs") hereby apply *ex parte* requesting entry of default against Defendant Iconic London (Holdings) Limited ("Defendant") on the grounds that Defendant has been served with the operative Summons and Complaint and has failed to appear or otherwise respond within the time prescribed by the Federal Rules of Civil Procedure (the "Application"). *See* Declaration of Marc E. Mayer ("Mayer Decl.") ¶¶ 2-8.

This Application is made on an *ex parte* basis because (1) the Clerk of Court is not authorized to determine the propriety of service in a foreign country, and (2) the Application necessarily is not (and will not be) opposed by any affected party.

Plaintiffs did not meet and confer with Defendant because Defendant has not entered an appearance in this case. *Id.* ¶ 9.

Dated: January 12, 2023

DAVID A. STEINBERG
MARC E. MAYER
BRADLEY J. MULLINS
MITCHELL SILBERBERG & KNUPP LLP

By: /s/Marc E. Mayer
Marc E. Mayer
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

By this Application, Plaintiffs Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Rhino Entertainment LLC, Warner Music International Services Limited, Warner Records Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner Chappell Music, Inc., and Warner-Tamerlane Publishing Corp. (collectively, "Plaintiffs") request entry of default against Defendant Iconic London (Holdings) Limited ("Defendant"). Defendant has been served with the operative Summons and Complaint and has failed to appear or otherwise respond within the time prescribed by the Federal Rules of Civil Procedure. *See* Declaration of Marc E. Mayer ("Mayer Decl."), ¶¶ 2-8.

## II.    ARGUMENT

Entry of default against Defendant is proper and appropriate. On December 16, 2022, this Court approved service on Defendant pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). *See* ECF No. 11. On December 19, 2022, Defendant was served in London, United Kingdom, via FedEx International First® delivery, signature required, by a clerk of the Court for the United States District Court for the Central District of California. *See* Mayer Decl. ¶¶ 3-6; *see also* ECF No. 12 (Notice of Service by Clerk); ECF No. 13 (Proof of Service). Under Federal Rule of Civil Procedure 4(f)(2)(C)(ii), service may be made on an individual in a foreign country "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" "unless prohibited by the foreign country's law[.]" The United Kingdom does not prohibit service by mail. *See*, *e.g.*, *Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 693 (S.D. Fla. 2016) (authorizing service under Federal Rule of Civil Procedure 4(f)(2) because "the United Kingdom has not objected to service via international mail under Article 10(a) of the Hague Convention"). Defendant also signed a receipt

for the Summons and Complaint.  *See* Mayer Decl. ¶ 6; ECF No. 13, Exh. 1 (Signed Receipt).

Neither Plaintiffs nor the Court have granted Defendant an extension of time to respond to the Complaint.  *Id*. ¶ 8.  Plaintiffs are informed and believe that Defendant is neither an infant or incompetent person or engaged in active military service.  *Id*. ¶ 10.

### III. CONCLUSION

Plaintiffs respectfully request that the Court enter default as to Defendant Iconic London (Holdings) Limited.

Dated:  January 12, 2023

DAVID A. STEINBERG
MARC E. MAYER
BRADLEY J. MULLINS
MITCHELL SILBERBERG & KNUPP LLP

By:  /s/Marc E. Mayer
Marc E. Mayer
*Attorneys for Plaintiffs*